Ronald K. Alberts  (SBN:  100017)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470
ralberts@gordonrees.com

Jordan S. Altura (SBN:  209431)
Seth J. Manfredi (SBN:  260893)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
jaltura@gordonrees.com
smanfredi@gordonrees.com

Attorneys for Defendants
CONNECTICUT GENERAL
LIFE INSURANCE COMPANY and
CIGNA HEALTH AND LIFE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| NUTRISHARE, INC., a California Corporation;<br><br>   Plaintiff,<br><br> vs.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a Connecticut Corporation, and CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut Corporation; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.<br><br>**CIGNA'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 & 1446** |

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   EASTERN DISTRICT OF CALIFORNIA:

3   PLEASE TAKE NOTICE that Defendants Connecticut General Life Insurance Company

4   and Cigna Health and Life Insurance Company (collectively "Cigna"), contemporaneously with

5   the filing of this Notice of Removal, hereby seek removal of the below referenced action from

6   the Superior Court of the State of California, County of Sacramento, to the United States District

7   Court for the Eastern District of California.

8   The removal is based on 28 U.S.C. sections 1441(b) and 1446(b), and specifically, on the

9   following grounds:

10   **PLEADINGS, PROCESS, AND ORDERS**

11   1.   On or about September 23, 2013, Nutrishare, Inc. ("Nutrishare") filed an action in

12   the Superior Court in the State of California for the County of Sacramento, titled *Nutrishare, Inc.*

13   *v. Connecticut General Life Insurance Company, et al.*, Case No. 34-2013-00152115 (the

14   "Action").  Nutrishare alleges Cigna improperly seeks reimbursement from Nutrishare for all

15   amounts Cigna paid Nutrishare for "total parenteral nutrition" ("TPN") services Nutrishare

16   provides to Cigna members, based on Nutrishare's failure to collect copayments, coinsurance

17   and other patient responsibility from Cigna members.  Nutrishare seeks:  a declaration that it was

18   not obligated to collect coinsurance or copayments from Cigna's members, and that Cigna

19   cannot recover any amounts it paid Nutrishare on the grounds that Nutrishare failed to collect

20   coinsurance or copayments from Cigna's members; an injunction prohibiting Cigna from

21   attempting to collect any amounts it has previously paid Nutrishare for the TPN services

22   Nutrishare provided to Cigna members on the basis that Nutrishare did not collect coinsurance or

23   copayments from Cigna members; and attorney's fees.

24   2.   A true and correct copy of Nutrishare's complaint (the "Complaint") is attached

25   as **Exhibit A** to the Declaration of Seth J. Manfredi ("Manfredi Dec.").

26   **TIMELINESS OF REMOVAL**

27   3.   Cigna was first served with process in the Action on October 18, 2013.  (Manfredi

28   Dec. at ¶¶ 4-5, **Ex. B** and **C**.)  Removal is sought within 30 days after service of the summons

CIGNA'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
PURSUANT TO 28 U.S.C. SECTIONS 1441 & 1446

1   and complaint and is therefore timely.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe*

2   *Stringing, Inc.*, 526 U.S. 344, 354 (1999).

3                    **VENUE AND INTRADISTRICT ASSIGNMENT ARE PROPER**

4          4.      The Action was filed in the Superior Court for the State of California, County of

5   Sacramento, and venue is therefore proper in this Court pursuant to 28 U.S.C. sections 84(b),

6   1391, 1441(a) and 1446, and L.R. 120(d).

7                                      **JURISDICTION**

8          5.      "[A]ny civil action brought in a State court of which the district courts of the

9   United States have original jurisdiction, may be removed by the defendant or the defendants, to

10  the district court of the United States for the district and division embracing the place where such

11  action is pending."  28 U.S.C. § 1441(a).  Unless the civil action is founded on a claim arising

12  under the Constitution, treaties or laws of the United States, the "action shall be removable only

13  if none of the parties in interest properly joined and served as defendants is a citizen of the State

14  in which such action is brought."  28 U.S.C. § 1441(b).

15         6.      This Court has jurisdiction over this case and the Action may be removed because

16  it is a civil action wherein: (1) the total amount in controversy exceeds $75,000; and (2) the

17  action is between citizens of different States. 28 U.S.C. §§ 1332(a), 1441(a).

18         7.      As set forth below, this case meets all of the requirements for removal based on

19  diversity of citizenship, and is properly removed by the filing of this Notice of Removal.

20         8.      Cigna is informed and believes that removal of this action is also appropriate

21  pursuant to 28 U.S.C. section 1441(a) because the Complaint presents a federal question under

22  the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. sections 1001, *et seq.*  This

23  action arises under ERISA in that Nutrishare seeks declaratory relief regarding Cigna's right to

24  invoke plan language found within employee health benefits plans governed by ERISA, Cigna's

25  interpretation of that plan language, and Cigna's right to seek recovery of payments that were

26  made under employee health benefit plans governed by ERISA.

27  / / /

28  / / /

**DIVERSITY**

9.      For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

10.     The Complaint alleges Nutrishare is, and at all times relevant was, a California corporation with its principal place of business in Elk Grove, County of Sacramento, California.

11.     The Complaint alleges Connecticut General Life Insurance Company and Cigna Health And Life Insurance Company are Connecticut corporations.  Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company are and at all relevant times have been Connecticut corporations with their principal place of business located in Bloomfield, Connecticut.

12.     All other remaining defendants in the Action are fictitiously named and need not be considered for purposes of removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

13.      No defendant in the Action is a California citizen and Cigna is diverse in citizenship from Nutrishare.  Complete diversity therefore exists for purposes of this Court's original jurisdiction and this Notice of Removal.  28 U.S.C. §§ 1332, 1441(a) and (b).

**AMOUNT IN CONTROVERSY**

14.     The Complaint alleges "Cigna has demanded that Nutrishare refund millions of dollars that Cigna has paid to Nutrishare over the past 10 years."  (Ex. A [Complaint at ¶ 21] to Manfredi Dec.)  In addition, Nutrishare has offered to pay Cigna $200,000 in settlement of Cigna's claims against Nutrishare arising out of Nutrishare's billing practices that are the subject of the Complaint.  (**Ex. A** to Declaration of Lisa M. Meschuk in Support of Cigna's Notice of Removal).  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. Idaho 2002) (holding settlement letter is relevant and admissible evidence of the amount in controversy); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (same).  This evidence is sufficient to establish the amount in controversy, including in actions involving requests for injunctive and other equitable

1   relief, as sought in the Complaint.  *Id.*  The amount in controversy thus exceeds $75,000.  28

2   U.S.C. §§ 1332(a).

### NOTICE TO PLAINTIFF

4         15.      Contemporaneously with the filing of this Notice of Removal in the United States

5   District Court for the Eastern District of California, and pursuant to 28 U.S.C. § 1446(d), written

6   notice of such filing will be given by the undersigned to Nutrishare's counsel of record, Hooper,

7   Lundy & Bookman, P.C., and a copy of the Notice of Removal will be filed with the Clerk of the

8   Court for the Superior Court of the State of California, County of Sacramento.

9         WHEREFORE, Cigna requests the above-captioned action pending in the Superior Court

10  of the State of California, County of Sacramento, Case No. 34-2013-00152115, be removed from

11  that court to this Court.

12  Dated: November 15, 2013          GORDON & REES LLP

13                            By   */s/ Jordan S. Altura*

14                               Ronald K. Alberts
                             Jordan S. Altura

15                               Seth J. Manfredi
                         Attorneys For Defendants

16                           CONNECTICUT GENERAL LIFE INSURANCE
                         COMPANY and CIGNA HEALTH AND LIFE

17                           INSURANCE COMPANY

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

*Nutrishare, Inc. v. Connecticut General Life Insurance Company, et al.*
U.S.D.C., Eastern Dist. of California

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On November 15, 2013, I served the within documents:

**Cigna's Notice Of Removal Of Civil Action To The United States District Court Pursuant To 28 U.S.C. Sections 1441 & 1446**

**Declaration Of Seth J. Manfredi In Support Of Cigna's Notice Of Removal Of Civil Action To The United States District Court Pursuant To 28 U.S.C. Sections 1441 & 1446**

**Declaration Of Lisa M. Meschuk In Support Of Cigna's Notice Of Removal Of Civil Action To The United States District Court Pursuant To 28 U.S.C. Sections 1441 & 1446**

**Civil Cover Sheet**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

| | |
|---|---|
| Devin M. Senelick<br>Daron L. Tooch<br>Katherine M. Dru<br>Hooper Lundy & Bookman P.C.<br>1875 Century Park East, Suite 1600<br>Los Angeles, CA 90067-2715 | Attorneys for Plaintiff<br>**Nutrishare, Inc.**<br><br>T: 310-551-8111<br>F: 310-551-8181<br>dsenelick@health-law.com<br>dtooch@health-law.com<br>kdru@health-law.com |
| Superior Court of California<br>County of Sacramento<br>720 9th Street<br>Sacramento, CA 95814 | Sacramento Superior Court Action No.<br>34-2013-00152115 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

1          I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

2

3          Executed on November 15, 2013 at San Francisco, California.

4                                                          _____
                                                                    Debbie McKee

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIGNA'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
PURSUANT TO 28 U.S.C. SECTIONS 1441 & 1446