UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRISHARE, INC., a California corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a Connecticut Corporation, CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut Corporation, and DOES 1 THROUGH 10, inclusive,<br><br>             Defendants.<br><hr>CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>             Counter-Claimants,<br><br>     v.<br><br>NUTRISHARE, INC.,<br><br>             Counter-Defendant. | No.  2:13-cv-02378-JAM-AC<br><br>**ORDER GRANTING NUTRISHARE'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |

    This matter is before the Court on Plaintiff and Counter-Defendant Nutrishare, Inc.'s ("Nutrishare") Motion for Certificate of Appealability (Doc. #29).[1]  Defendants and

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 21, 2014.

1

Counter-Claimants Connecticut General Life Insurance Company and CIGNA Health and Life Insurance Company (collectively "CIGNA") opposed the motion (Doc. #37) and Nutrishare replied (Doc. #40).

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Counterclaim states four causes of action against Nutrishare: the first two are brought pursuant to § 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, in order to redress alleged violations of ERISA plans; the third claim is for violations of California Business and Professions Code § 17200, *et seq.*, California's unfair competition law ("UCL"); and the fourth is for fraud.

The allegations of the Counterclaim are well known at this point and will not be repeated here. The current motion comes in response to the Court's order (Doc. #25) denying Nutrishare's Motion to Strike (Doc. #12) and Motion to Dismiss (Doc. #13). In that order, which Nutrishare now seeks to have certified for immediate appeal, the Court found the allegations in the Counterclaim established CIGNA had standing to bring the counterclaims as a fiduciary of the underlying ERISA plans. Order at p. 7.

The Court further found that CIGNA's claims did not involve "adverse benefits determinations" and therefore did not trigger any exhaustion requirements as Nutrishare contended. Order at pp. 7-8. Nutrishare's Motion to Dismiss also contended that CIGNA's state law claims were preempted under ERISA sections 502(a) and 514(a). The Court found the claims did not require "significant interpretation of the ERISA plans" and therefore

2

1  were not subject to conflict preemption under section 514(a).
2  Id. at pp. 11-14.  It further found that the state law claims did
3  not "conflict with the enforcement scheme laid out by ERISA or
4  with Congress' intent in passing it into law" and therefore were
5  not preempted under section 502(a).  Id. at pp. 14-16.  Finally,
6  the Court rejected Nutrishare's contention that the actions
7  alleged by CIGNA to be unfair and fraudulent were actually lawful
8  under California law.  Id. at pp. 17-18.

10                              II.   OPINION
11      Nutrishare requests that the Court grant certification for
12  immediate interlocutory appeal of its Order regarding the
13  viability of CIGNA's counterclaims.  After having made an order
14  not otherwise appealable in a civil action, if a district court
15  finds "that such order involves a controlling question of law as
16  to which there is substantial ground for difference of opinion
17  and that an immediate appeal from the order may materially
18  advance the ultimate termination of the litigation, he shall so
19  state in writing in such order."  28 U.S.C. § 1292(b).
20       Thus, a district court may certify an appeal of an
21  interlocutory order only if three factors are present.  First,
22  the issue to be certified must be a "controlling question of
23  law."  28 U.S.C. § 1292(b).  Establishing that a question of law
24  is controlling requires a showing that the "resolution of the
25  issue on appeal could materially affect the outcome of the
26  litigation in the district court."  In re Cement Antitrust
27  Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).
28       Second, there must be "substantial ground for difference of

3

opinion" on the issue. 28 U.S.C. § 1292(b).  "This is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make a greater showing." Zone Sports Ctr., LLC v. Rodriguez, 1:11-CV-00622-SKO, 2013 WL 3766749, at *4 (E.D. Cal. 2013) (citing Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992)).

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."  3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted).  However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Id. (footnotes omitted).

Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

Third, an interlocutory appeal must be likely to "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Whether such a likelihood exists is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case. Zone Sports Ctr., LLC, 2013 WL 3766749, at *4.

"The standard to certify a question of law is high and a district court generally should not permit such an appeal where it 'would prolong the litigation rather than advance its resolution.'"  Davis Moreno Constr., Inc. v. Frontier Steel Bldgs. Corp., 1:08-cv-00854-OWW-SMS, 2011 WL 347127, at *1 (E.D. Cal. 2011) (quoting Syufy Enter. v. Am. Multi-Cinema, Inc., 694

4

1  F. Supp. 725, 729 (N.D. Cal. 1988)).

2  Nutrishare identifies four "controlling issues" upon which
3  it bases its motion:

4  (1) Whether CIGNA has standing under ERISA and California
5  law to bring the Counterclaim;

6  (2) Whether CIGNA was required to exhaust the
7  administrative process prior to filing the Counterclaim;

8  (3) Whether CIGNA's state law counterclaims are preempted
9  by ERISA; and

10  (4) Whether not collecting patient co-payments is lawful
11  under California law.

12  A.  Standing

13  Nutrishare first contends the issue of whether CIGNA lacks
14  standing to bring its claims is a controlling question of law
15  and the Court's order finding standing should be certified for
16  immediate appeal. MCA at pp. 5-6. Nutrishare's claim in its
17  Motion to Dismiss was that CIGNA lacks standing because it has
18  not suffered an injury-in-fact and has failed to sufficiently
19  allege it is authorized to bring these claims as a fiduciary of
20  the relevant ERISA plans.

21  Based on the allegations in the Counterclaim, the Court
22  found CIGNA is the claims administrator for the ERISA plans at
23  issue and has discretionary authority and control regarding
24  claims made under the plan. Order at p. 7; CC ¶¶ 2, 9, 16.
25  Therefore, the Court found CIGNA has a fiduciary duty to enforce
26  the terms of the ERISA plans and thus standing to bring the
27  federal claims at issue.

28  Although other courts have found that similar pleadings did

not suffice to adequately identify the ERISA plans at issue, certifying the issue for immediate interlocutory appeal will not "materially advance the ultimate termination of the litigation"; in fact, it would do quite the opposite. See <u>Connecticut Gen. Life Ins. Co. v. La Peer Surgery Ctr. LLC</u>, 2:13-CV-03726-CAS, 2014 WL 961806, at *3-4 (C.D. Cal. 2014).

Once the case is allowed to proceed to discovery, CIGNA would be required to specifically identify the plans at issue. At that point, the specific language of the plans at issue could be interpreted to determine whether CIGNA is in fact a fiduciary of the plans as a matter of law and can therefore establish standing to bring the claims. Because certifying the Court's holding regarding this issue "'would prolong the litigation rather than advance its resolution'" the Court finds certification based on this issue is not warranted. <u>Davis Moreno Constr., Inc.</u>, 2011 WL 347127, at *1.

  B. Failure to Exhaust Administrative Remedies

Nutrishare contends that there is a controlling question of law as to whether CIGNA's ERISA claims are deficient because CIGNA has failed to exhaust its administrative remedies. In its Motion to Dismiss, Nutrishare argued that CIGNA's claims for recoupment of ill-gotten gains constitute "adverse benefits determinations," triggering ERISA notice requirements. MTD at pp. 8-10. However, the Court found that Nutrishare failed to provide persuasive authority for such a contention. In its Motion for Certification, Nutrishare simply reintroduces the same authority presented to the Court in connection with the previous motion. Although recoupments sought by insurers **may** constitute

6

1   adverse benefits determinations triggering ERISA notice
2   requirements, Nutrishare has again failed to present persuasive
3   authority that such requirements should apply to the specific
4   equitable claims brought by CIGNA here, which are based on
5   alleged false misrepresentations.
6   　　　Accordingly, the Court does not find substantial ground for
7   a difference of opinion on the matter and declines to certify the
8   Order based on the failure to exhaust issue.
9   　　　C.　　Preemption of State Law Claims
10  　　　Nutrishare contends there is a controlling question of law
11  regarding whether CIGNA's state law claims are preempted.
12  　　　Whether CIGNA can even bring its state law claims is
13  certainly a controlling question of law.  If the Ninth Circuit
14  finds the claims preempted, the decision would "materially
15  affect the outcome of the litigation."  See In re Cement
16  Antitrust Litig., 673 F.2d at 1026.  Such a finding would also
17  materially advance the ultimate resolution of the litigation, as
18  it could eliminate the causes of action and obviate any need for
19  the Court to address them.  Therefore, the Court turns to
20  whether there is substantial ground for difference of opinion on
21  the issue.
22  　　　As in its previous Order, the Court notes that ERISA's
23  preemption clause is "one of the broadest preemption clauses
24  ever enacted by Congress."  Spain v. Aetna Life Ins. Co., 11
25  F.3d 129, 131 (9th Cir. 1993) (citations omitted), cert. denied,
26  511 U.S. 1052 (1994).  The Court is also mindful that Congress'
27  aim in passing the ERISA preemption provision was "to ensure
28  that plans and plan sponsors would be subject to a uniform body

1  of benefits law and to minimize the administrative and financial
2  burden of complying with conflicting directives among States or
3  between States and the Federal Government." Ingersoll-Rand Co.
4  v. McClendon, 498 U.S. 133, 142 (1990).

5   The United States Supreme Court has made clear that "any
6  state-law cause of action that duplicates, supplements, or
7  supplants the ERISA civil enforcement remedy conflicts with the
8  clear congressional intent to make the ERISA remedy exclusive and
9  is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S.
10 200, 209 (2004).

11   The Court finds there exists a substantial ground for
12 difference of opinion on the issue of preemption. The Ninth
13 Circuit has frequently been called upon to navigate the waters of
14 ERISA preemption and often the issue turns on the precise
15 application of the phrase "relate to" from ERISA § 514(a), or
16 determining whether the legal duty implicated is independent of
17 any duty imposed by ERISA. In addressing ERISA preemption
18 issues, courts have noted the difficulty in interpreting the
19 specific language of ERISA's preemption provisions, specifically
20 recognizing the issues with applying the phrase "relate to" from
21 § 514(a). N.Y. State Conf. of Blue Cross & Blue Shield Plans v.
22 Travelers Ins. Co., 514 U.S. 645, 656 (1995); Waks v. Empire Blue
23 Cross/Blue Shield, 263 F.3d 872, 875 (9th Cir. 2001). Based on
24 analogous factual circumstances to those presently before the
25 Court, other courts have split on whether the claims at issue
26 were preempted. See Cleghorn v. Blue Shield of California, 408
27 F.3d 1222, 1225 (9th Cir. 2005); Trustees ex rel. N. California
28 Gen. Teamsters Sec. Fund v. Fresno French Bread Bakery, Inc., CV

1  F 12-0187 LJO BAM, 2012 WL 3062174 (E.D. Cal. 2012).

2  Although this Court concluded that the specific claims
3  brought by CIGNA are not preempted, it finds there exists
4  substantial ground for a difference of opinion on the matter.
5  Accordingly, the Court GRANTS Nutrishare's Motion to Certify the
6  Order for immediate appeal based on the issue of ERISA
7  preemption.

      D.    <u>Lawfulness of Nutrishare's Actions</u>

9  Nutrishare contends that the conduct underlying CIGNA's
10 state law claims is entirely lawful and does not constitute
11 fraud or a violation of the UCL.  Therefore, it moves to certify
12 the Order based on this issue.

13 Nutrishare relies on the same arguments and authorities as
14 in the Motion to Dismiss.  It specifically refutes the Court's
15 interpretation of an opinion from the California Attorney
16 General, arguing the opinion constitutes clear, persuasive
17 authority for Nutrishare's proposition that its actions were
18 entirely lawful.  While the Court acknowledges Nutrishare's
19 disagreement, as CIGNA points out, substantial ground is not
20 established by "a party's strong disagreement with the [C]ourt's
21 ruling; the party seeking an appeal must make a greater showing."
22 <u>Zone Sports Ctr., LLC</u>, 2013 WL 3766749, at *4; <u>see also</u> <u>Hansen v.</u>
23 <u>Schubert</u>, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006); <u>Couch</u>, 611
24 F.3d at 633-34 (finding "the presence of a single, non-binding,
25 advisory opinion by a division of the California Attorney
26 General's office is not a 'substantial' ground for disagreement
27 as to the controlling law").  In addition, the Court finds that
28 the issue of whether the conduct was lawful is extremely fact

dependent and certifying the Order at the pleadings stage is inappropriate. Accordingly, the Court declines to certify the Order based on this issue.

   E.   Effect on the Litigation

The Court's granting of the motion for certification as to ERISA preemption subjects the entire Order to immediate appellate jurisdiction. 28 U.S.C. § 1292(b); <u>Yamaha Motor Corp., U.S.A. v. Calhoun</u>, 516 U.S. 199, 204-05 (1996). As such, the appellate court may address any issue included within the certified order, not solely the question the Court finds controlling. <u>Yamaha Motor Corp.</u>, at 204-05. For the sake of judicial economy, the Court hereby stays the current litigation in its entirety pending a decision by the Ninth Circuit regarding the matter.

### III.   ORDER

For the reasons set forth above, the Court, in its discretion, GRANTS Defendants' motion for certification pursuant to 28 U.S.C. § 1292(b), AMENDS the Order dated March 13, 2014 to certify it for interlocutory appeal, and STAYS this matter pending a decision by the Ninth Circuit as to whether it will hear an interlocutory appeal and, if it accepts the appeal, pending resolution of that appeal. The parties shall update the Court by joint submission within five court days of resolution of the appeal, or every 120 days, whichever is sooner.

   IT IS SO ORDERED.

Dated:   June 11, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE