UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRISHARE, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a Connecticut Corporation, CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut Corporation,<br><br>        Defendants. | No.  2:13-cv-02378-JAM-AC<br><br>**ORDER GRANTING COUNTER-DEFENDANTS IN REPLY'S MOTION TO STRIKE** |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>        Counter-Claimants,<br><br>    v.<br><br>NUTRISHARE, INC.,<br><br>        Counter-Defendant. | |
| NUTRISHARE, INC., PATIENT ONE, an individual, PATIENT TWO, an individual, PATIENT THREE, an individual,<br><br>        Counter-Claimants in Reply, | |

1

|   |   |
|---|---|
| v. | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Counter-Defendants in Reply. | |

Defendants, Counter-Claimants and Counter-Defendants in Reply Connecticut General Life Insurance Company and CIGNA Health and Life Insurance Company (collectively "CIGNA") move to strike (Doc. #46) the counter-claim in reply ("CCIR") (Doc. #35). The CCIR was filed on behalf of Plaintiff, Counter-Defendant and Counter-Claimant in Reply Nutrishare, Inc. ("Nutrishare") and Counter-Claimants in Reply Patients One, Two, and Three (collectively "Patients").[1]  For the reasons discussed herein, CIGNA's motion is GRANTED.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The allegations and procedural history of this case have been well-documented.  Therefore, the Court provides only a brief summary of the information relevant to resolving the motion currently before it.

CIGNA brought a counterclaim ("CC") stating four causes of action against Nutrishare: the first two are brought pursuant to § 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 ("§1132"), in order to redress

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 5, 2014.

2

alleged violations of ERISA plans; the third claim is for violations of California Business and Professions Code § 17200, *et seq.*, California's unfair competition law ("UCL"); and the fourth is for fraud.

CIGNA serves as the claims administrator and/or the insurer of employee health benefit plans governed by ERISA that provide reimbursement for covered medical expenses incurred by individual plan participants and beneficiaries covered under the plans. CC ¶ 2. CIGNA acts as a claims review fiduciary, either as the third party administrator of a self-funded, employer-sponsored group health plan, or as an insurer of such employer-sponsored ERISA plans. CC ¶ 16. Nutrishare is a medical provider specializing in "home infusion" and the provision of Total Parenteral Nutrition ("TPN") to consumers. CC ¶ 17. Nutrishare is outside of CIGNA's network of providers. Id. ¶ 3.

The CC alleges that Nutrishare told some participants that they would not be billed at all for Nutrishare's services. Id. ¶ 4. Nutrishare then billed CIGNA at exorbitant rates while misrepresenting the amounts it usually accepts for the services provided and what the "actual, total charges" for those services were. Id. ¶¶ 3, 6-7, 27-32, 39. CIGNA alleges Nutrishare failed to inform CIGNA that it was not charging the required co-payments, deductibles, or coinsurance. Id. The CC seeks to recover the amounts paid by CIGNA to Nutrishare as a result of the improper and fraudulent claims. CC ¶¶ 43-47, 50, 54, 61, 66.

Nutrishare moved to dismiss (Doc. #13) and to strike (Doc. #12) portions of the CC. The Court denied the motions (Doc. #25) but certified (Doc. #41) the issue of federal preemption for

1  interlocutory appeal.  The Ninth Circuit denied Nutrishare's
2  petition for permission to appeal (Doc. #43).
3      Nutrishare then brought the CCIR, joining Patients as fellow
4  counter-claimants in reply.  The CCIR brings eight causes of
5  action against CIGNA: (1) failure to pay ERISA benefits pursuant
6  to §1132; (2) breach of fiduciary duty pursuant to §1132;
7  (3) violation of the UCL; (4) breach of implied contract;
8  (5) services rendered; (6) breach of covenant of good faith and
9  fair dealing; (7) intentional interference with prospective
10 economic advantage; and (8) negligent interference with
11 prospective economic advantage.
12
13                          II.   OPINION
14     CIGNA bases its motion to strike on two grounds: (1) the
15 eight new claims are not compulsory and thus are improperly
16 brought in a counter-claim in reply; and (2) Patients were
17 improperly joined under either Federal Rule of Civil Procedure 19
18 or 20.
19          A.   Compulsory Counterclaims
20               1.   Legal Standard
21     Although not explicitly authorized by the Federal Rules of
22 Civil Procedure, a "counter-claim in reply" is permitted if the
23 counterclaims alleged therein are compulsory.  Mattel, Inc v.
24 MGA Entm't, Inc., 705 F.3d 1108, 1110 (9th Cir. 2013)
25 ("Mattel"); Electroglas, Inc. v. Dynatex Corp., 473 F. Supp.
26 1167, 1171 (N.D. Cal. 1979); Warner v. Sims Metal Mgmt., C 13-
27 02190 WHA, 2013 WL 4777314, at *1 (N.D. Cal. 2013).  A claim is
28 compulsory when it "arises out of the transaction or occurrence

                                4

that is the subject matter of the opposing party's claim." Fed. R. Civ. Proc. 13(a)(1)(A) ("Rule 13").

The Ninth Circuit has laid out the proper assessment of counter-claims in reply:

> We apply "the logical relationship test for compulsory counterclaims." In re Pegasus Gold Corp., 394 F.3d 1189, 1195-96 (9th Cir. 2005). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." Id. at 1196; see also Moore v. N.Y. Cotton Exch., 270 U.S. 593, 610 (1926).

Mattel, 705 F.3d at 1110.

### 2. CCIR Claims

CIGNA contends the eight new claims do not arise out of the same transactions that are the subject of the CC. MTS at p. 7; Reply (Doc. #48) at p. 4. CIGNA argues the claims in the CCIR relate to billings in which CIGNA declined payment whereas the claims in the CC are based on payments actually made to Nutrishare as a result of Nutrishare's allegedly fraudulent and improper scheme. Id. The Court agrees.

The four causes of action in the CC are based on allegedly improper and fraudulent medical claims submitted by Nutrishare and paid out by CIGNA. Each of CIGNA's counterclaims specifically requests restitution or reimbursement of the funds actually paid out to Nutrishare by CIGNA on these medical claims. CC ¶¶ 43-47, 50-51, 54, 61, 66. However, the eight causes of action in the CCIR are based on medical claims submitted by Nutrishare that CIGNA rejected and failed to pay.

5

CCIR ¶¶ 79-80, 84-89, 92, 95, 102, 108, 110-12, 122, 134.  By the explicit allegations in each pleading, the transactions underlying the causes of action in the CCIR are not the same as those in the CC.

In Mattel, the Ninth Circuit was faced with a counterclaim by Mattel alleging the theft of trade secrets by MGA and a counter-claim in reply from MGA that alleged theft of trade secrets by Mattel.  Mattel, 705 F.3d at 1110.  The court found that the fact both parties were alleging trade secret claims against each other was not enough to render the counter-claim in reply compulsory.  Id.  The court reasoned that "[w]hat matters is not the legal theory but the *facts*.  '[E]ven the most liberal construction of ["transaction"] cannot operate to make a counterclaim that arises out of an entirely different or independent transaction or occurrence compulsory under Rule 13(a).'"  Id. (emphasis in original) (quoting 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1410, at 52 (3d ed. 2010)).

Nutrishare contends that the counterclaims in the CCIR are compulsory "because they arise from the very same patient claims that are the subject of [the CC]."  Opposition (Doc. #47) at p. 4.  However, the CC involves medical claims that were paid by CIGNA while the CCIR is based on claims that Nutrishare alleges were improperly denied and not paid out.  Clearly, the CCIR is based on completely separate medical claims from those underlying CIGNA's counterclaims.

Nutrishare further contends the complaint, CC, and CCIR are all "based on whether Nutrishare has a duty to collect copayment

6

1  and coinsurance amounts, and therefore they all arise from the
2  same 'transaction or occurrence.'" Id.  The *legal* issue of
3  whether Nutrishare had a duty to collect these payments from its
4  patients underlies each of the pleadings in this matter.
5  However, as the Ninth Circuit has stated, in determining whether
6  a counter-claim in reply is compulsory "what matters is not the
7  legal theory but the *facts*." Mattel, 705 F.3d at 1110.
8  Nutrishare conflates the legal question that underlies the
9  pleadings with the facts alleged in each.  The Court cannot
10 construe the term "transaction" so loosely as to find a counter-
11 claim in reply "that arises out of an entirely different or
12 independent transaction or occurrence compulsory under Rule
13 13(a)." Id.  As such, the CCIR challenged by this motion is not
14 compulsory and thus not permitted.  See Mattel, 705 F.3d at
15 1110.  CIGNA's motion to strike the CCIR as an improper pleading
16 is granted.

17      The Court also concludes that any attempt by Nutrishare or
18 Patients to amend the CCIR to cure the deficiencies herein
19 discussed would fail as its causes of action simply do not arise
20 out of the same transaction or occurrence that is the subject
21 matter of CIGNA's counterclaims.  As amendment would therefore
22 be futile, the motion to strike is granted WITHOUT LEAVE TO
23 AMEND. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d
24 1034, 1041 (9th Cir. 2011).

25      B.   Joinder of Patients

26      CIGNA contends Patients were improperly joined in this
27 action through the filing of the CCIR.  Nutrishare and Patients
28 contend Patients were properly joined pursuant to Federal Rule

7

of Civil Procedure 20(a).  As the Court has granted CIGNA's motion to strike the entire CCIR above, the arguments regarding the propriety of Patients' joinder are rendered moot.

## III.  ORDER

For the reasons set forth above, the Court GRANTS CIGNA's motion to strike WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: November 21, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8